DECISION. *Page 2 
{¶ 1} Following a bench trial, defendant-appellant Telisa Barnes was found guilty of stealing over $50,000 from the First Assurance Title Company. The trial court convicted Barnes of violating R.C. 2913.02(A)(1), and it sentenced her to five years' community control. It also held Barnes and her boyfriend, Mero Huff, jointly and severally liable for $51,000 in restitution. Barnes now appeals. We affirm.
 {¶ 2} In her first assignment of error, Barnes contends that the trial court erred in allowing investigating detective Jim Grindle to testify about money that had been wired from First Assurance Title into Barnes' checking account. And while we view some of Grindle's testimony as problematic, any error in allowing it was cured by state's witness Carolyn Campbell, manager of First Assurance Title. Campbell properly testified that over $50,000 had been wired from the title company into Barnes' checking account. Barnes, therefore, was not prejudiced by Grindle's testimony, and the error complained of was harmless.[1] This assignment of error is overruled.
 {¶ 3} In her second assignment of error, Barnes argues that the trial court should have granted her Crim. R. 29(A) motion for an acquittal.
 {¶ 4} During its case-in-chief, the state presented evidence that Barnes had accepted into her checking account ten or eleven deposits from First Assurance Title, totaling over $50,000, and then helped to give half of this money back to a First Assurance Title employee in cash. The state also presented evidence that the deposits were not authorized. Barnes argues that the state failed to show that Barnes knew that the money had been taken without the title company's permission, and *Page 3 
therefore that it did not demonstrate that she had "purposefully" intended to deprive the title company of its money.[2] But because "intent lies within the privacy of a person's own thoughts" it is difficult to demonstrate by objective proof. Instead "intent is determined from the surrounding facts and circumstances * * * ."[3]
And considering the "surrounding facts and circumstances" presented by the state, we hold that reasonable minds could have concluded that Barnes had purposefully kept money that was not hers.[4] The trial court therefore did not err in overruling her Crim. R. 29(A) motion for an acquittal. Barnes' second assignment of error is overruled.
 {¶ 5} We affirm the trial court's judgment.
Appeal affirmed.
CUNNINGHAM, J., concurs.
[1] Crim. R. 52(A); State v. Gonzalez, 154 Ohio App.3d 9,2003-Ohio-4421, 796 N.E.2d 12, ¶ 65.
[2] See R.C. 2913.02(A)(1).
[3] State v. Garner, 74 Ohio St.3d 49, 60, 1995-Ohio-168,656 N.E.2d 623.
[4] See State v. Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus.